UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARK LITTLE,

    Plaintiff,

v.                        Case No:  2:14-cv-417-FtM-38CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff Mark Little's Unopposed Application for Attorney Fees under the Equal Access to Justice Act (Doc. #32) filed on March 3, 2016.  Because Defendant Commissioner of Social Security does not oppose Plaintiff's Application, this matter is ripe for review.

Plaintiff commenced this action on July 29, 2014, seeking judicial relief of Defendant's final decision denying him Social Security Supplemental Income benefits. (Doc. #1).  The Court ruled in Plaintiff's favor (Doc. #30), and judgment was entered on January 29, 2016 (Doc. #31), reversing the Commissioner's decision and remanding the case under sentence four of 42 U.S.C. § 405(g).  Today, Plaintiff filed an application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), seeking an award of $6,032.32.  (Doc. #32).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Pursuant to the EAJA, a party can recover an award of attorney's fees against the government provided (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the government's position is not substantially justified; (4) no special circumstances are present that would make an award unjust; and (5) the plaintiff had a net worth of less than $2 million at the time the complaint was filed.  *See* 28 U.S.C. § 2412(d)(1)(A); *see also Jipson v. Commissioner of Social Security*, No. 2:13-cv-450, 2014 WL 2951824, at *2 (M.D. Fla. July 1, 2014) (citations omitted).  Here, the parties agree that Plaintiff meets the above requirements and thus is eligible for an award of attorney's fees.

Next, the Court must next decide if the amount of fees that Plaintiff requests is reasonable.  *See* 28 U.S.C. § 2412(d)(2)(A).  EAJA fees are determined by multiplying the number of hours reasonably expended on the case by a reasonable hourly rate.  *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).  The resulting fee carries a strong presumption that it is the reasonable fee.  *See City of Burlington v. Daque*, 505 U.S. 557, 562 (1992).  The amount of EAJA fees depends on the facts of the case, and "excessive, redundant or otherwise unnecessary" hours must be deducted from an award of fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 429, 434 (1983); *see also Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Determining the appropriate hourly rate is a two-step process.  The court

first determines the prevailing market rate. If the prevailing rate exceeds $125.00, the court then determines whether to adjust the hourly rate. See *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation, and are not limited to rates specifically for social security cases. See *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Here, Plaintiff's counsel expended 32 hours to litigate this case. (Doc. #32-1). For those hours, Plaintiff requests an hourly fee of $188.51. (Doc. #32 at 5). The Commissioner objects to neither the amount of hours expended nor the hourly rates. As such, the Court finds the 32 hours expended by Plaintiff's counsel to be reasonable and the $188.81 hourly rate to be appropriate. The Court, therefore, will award Plaintiff $6,032.32 in attorney's fees.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Mark Little's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act (Doc. #32) is **GRANTED**. Plaintiff is awarded **$6,032.32** in attorney's fees, and this amount may be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed.

(2) The Clerk is **DIRECTED** to enter an Amended Judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of March, 2016.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record